

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| KIMBERLY GREENWALD, | ) | CV 09-142-M-DWM |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SAFECO INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. Introduction

Plaintiff Kimberly Greenwald ("Greenwald") brought this action against her

automobile liability insurer, Defendant Safeco Insurance Company of America

("Safeco"). She states claims under the Montana Unfair Trade Practices Act and

for breach of contract, and she requests punitive damages. Safeco moves for

1

summary judgment, asserting the statute of limitations bars the claim under the

Unfair Trade Practices Act, the breach of contract claim is barred by the defense of

accord and satisfaction, and the punitive damages claim must be dismissed if

Safeco prevails on the other claims.

## II. Factual Background

On July 12, 2002, Greenwald was involved in a motor vehicle accident

caused by Judy Ewert. Def.'s Statement of Undisputed Facts ("SUF"), ¶ 1.

Greenwald made a claim against Ewert and settled the claim for the $100,000 limit

of Ewert's automobile liability policy. Id. at ¶ 2. Safeco had issued an insurance

policy to Greenwald that was in effect at the time of the accident and provided

stacked underinsured motorist coverage limits of $200,000 and stacked medical

payments coverage limits of $20,000. Id. at ¶ 3. Greenwald exhausted the

medical payment coverage limits in August 2004. Id. at ¶ 4.

On October 3, 2005, Safeco requested a settlement demand from Greenwald

regarding her claim for underinsured motorist coverage. Id. at ¶ 5. In a January 6,

2006 letter to Safeco, Greenwald demanded the full underinsured motorist

coverage limit of $200,000. Id. at ¶ 6. She demanded at a minimum that Safeco

pay her medical and travel expenses, less the $20,000 already paid. Id. In a letter

dated February 3, 2006, Safeco requested that Greenwald provide additional

2

medical records and undergo an independent medical examination. Def.'s Ex. 6 at 1 (dkt #19-6). Safeco stated that "[w]hile we don't feel we have all information necessary to fully evaluate Mrs. Greenwald's claim, we have reviewed the information we have and are prepared to make an offer." Id. Safeco offered $40,000 new money and rejected Greenwald's requests for payment of the $200,000 policy limits and for advance payment of medical expenses that had already been paid or could have been paid with the compensation Greenwald had already received. SUF, ¶ 8; Def.'s Ex. 6 (dkt #19-6). Safeco stated that Montana law did not require it to make advance payment of general damages. SUF, ¶ 9.

On February 28, 2006, Greenwald sent another letter to Safeco demanding advance payment of expenses. The letter also stated that it was a violation of Montana law for Safeco to refuse advance payments and to suggest that it could credit the payments made by Ewert's insurer against the amount Safeco paid. SUF, ¶ 10; Def.'s Ex. 7 (dkt #19-7). Safeco responded on March 10, 2006, and addressed issues regarding medical records and an independent medical examination. Safeco did not reconsider its earlier conclusion that it was not required to make advance medical payments. SUF, ¶ 10; Def.'s Ex. 8 (dkt #19-8).

In April 2006, Greenwald provided additional medical records to Safeco, and requested that Safeco pay a medical bill that she believed was going to be

3

referred to collection.  Pl.'s Statement of Genuine Issues ("SGI"), ¶¶ 9-13.

Throughout June and July, Greenwald provided additional medical records, as

requested by Safeco.  Id. at ¶¶ 17-22.  In July 2006, Greenwald underwent an

independent medical examination, and Safeco provided the results to her in

August 2006.  SUF, ¶ 12; SGI, ¶ 23.

In September 2006, Safeco offered to enter mediation to settle Greenwald's

claim.  SUF, ¶ 13.  On October 5, 2006, Safeco advised Greenwald that, based on

the results of the independent medical examination, it did not owe additional

advance payments and restated its offer to settle for $40,000.  SGI, ¶ 24.  In

December 2006, Greenwald sent a letter to Safeco questioning the results of the

independent medical examination.  Id. at ¶ 25.  On January 31, 2007, Safeco

confirmed its position based on the independent medical examination and

informed Greenwald that the $40,000 settlement offer was open for one more

month.  SGI, ¶ 27.  Greenwald did not accept the settlement offer and on March 2,

2007, Safeco withdrew its offer.  Id. at ¶ 28.  During the summer of 2007, the

parties discussed the possibility of mediation and discussed the differing

conclusions of various doctors who had examined Greenwald.  Id. at ¶¶ 30-36.

At mediation in September 2007, Greenwald and Safeco settled her claim

for $90,000 new money.  SUF, ¶ 13.  The parties executed a "Release of Claims"

dated October 11, 2007. Id. at ¶ 14. It states that Greenwald "acknowledges

receipt of [$90,000] and in consideration for payment of such sum, fully and

forever releases and discharges [Safeco] from any and all actions, claims, causes

of action, demands, or expenses for damages or injuries . . . arising out of the

described casualty, except as specifically reserved herein." Def.'s Ex. 10 at 1 (dkt

# 19-10). It "reserves any claims [Greenwald] may have against [Safeco] for any

and all claims arising out of the investigation, handling, adjusting, defense or

settlement of the claim including, without limitation, any claims under Section 33-

18-242, [Mont. Code Ann.], or otherwise." Id.

Greenwald instituted this action in state court on April 9, 2008. Compl. (dkt

#1-1). Safeco removed the matter to federal court.

### III. Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An adverse party

may not rely on mere allegations or denials of the adverse party's pleading, but the

adverse party's response, by affidavits or as otherwise provided, must set forth

specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

If there is no genuine issue of material fact, the court must determine whether the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## IV. Analysis

### A.    The two year statute of limitations bars Greenwald's claim under the Montana Unfair Trade Practices Act.

Greenwald claims Safeco violated two provisions of the Montana Unfair

Trade Practices Act ("the Act"). She claims Safeco (1) "refuse[d] to pay claims

without conducting a reasonable investigation based upon all available

information" and (2) "neglect[ed] to attempt in good faith to effectuate prompt,

fair, and equitable settlements of claims in which liability has become reasonably

clear." Mont. Code Ann. § 33-18-201(4), (6).

The statute of limitations for violations of the Act is "for an insured, within

2 years from the date of the violation of 33-18- 201." Mont. Code Ann. § 33-18-

242(7)(a). Under Montana law, unless otherwise provided, "the period of

limitation begins when [a] claim or cause of action accrues." Mont. Code Ann. §

27-2-102(2). "[A] claim or cause of action accrues when all elements of the claim

or cause exist or have occurred, the right to maintain an action on the claim or

cause is complete, and a court or other agency is authorized to accept jurisdiction

of the action." Mont. Code Ann. § 27-2-102(1)(a). The statute of limitations

6

begins to run when "the last fact essential to the cause of action occurs," even if an injured party does not know the total extent of damages resulting from an act. E.W. and D.W. v. D.C.H., 754 P.2d 817, 819-20 (Mont. 1988).

The statute of limitations for a claim under the Act begins to run the when insured is "required to expend time and resources defending against a claim . . . that [the insured] would not have had to defend if [the insurer] secured a release." Burton v. State Farm Mut. Automobile Ins. Co., CV 00-94-M-DWM at 23 (D. Mont. Aug. 28, 2002). Burton also concluded that plaintiff's third party common law bad faith and infliction of severe emotional distress claims were barred by the statute of limitations because "all acts relevant to [these] claims occurred when State Farm failed to accept Burton's policy limits settlement offer in 1994, six years before the claim was brought. Id. at 22.

Likewise, the statute of limitations barred a party from bringing a claim under the Act where the initial denial of coverage occurred more than two years before the action was filed. Cyr v. Farmers Alliance Mutual Ins. Co., 2006 WL 2788972 at **4-5 (D. Mont. Sept. 26, 2006). In Cyr, the insured argued that, because the duty of good faith was on-going, the insurer's repeated denials to provide coverage extended the statute of limitations. The Court disagreed and "reject[ed] any suggestion that each day that [the insurer] stands by its previous

7

denial of coverage and fails to reverse its position, a new breach of its statutory

duty of good faith occurs." Id. at *4. The Court further concluded that adopting

the insured's position "would effectively eviscerate the statute of limitation in any

case where an insurer remains steadfast in a denial of coverage." Id.

Greenwald's Complaint asserts Safeco violated the Act by "delaying,

failing, and refusing to pay any benefits, other than medical expenses, based upon

the available information." Compl., ¶ 17. The Complaint does not specify which

alleged acts by Safeco form the basis for the claim. Safeco argues Greenwald's

claim accrued based on the letters it sent in February and March 2006, which

rejected Greenwald's demand for the full policy limits and for advance payment of

expenses and offered $40,000 new money to settle the claim. Greenwald responds

that she is not asserting Safeco's actions in February and March 2006 violated the

Act because she had no damages at that point and the claim had not accrued.

Instead, Greenwald contends the violations occurred beginning in April 2006

based on Safeco's refusal to advance medical payments, Safeco's actions in

obtaining the independent medical examination and denying coverage based on it,

and Safeco's withdraw of its settlement offer in March 2007.

Safeco is entitled to summary judgment because Greenwald's claim under

the Act accrued more than two years before she filed this action in April 2008.

8

 The claim accrued in February 2006 when Safeco denied Greenwald's demand letter and offered $40,0000 in settlement because at that time all elements of the claim had occurred.  Mont. Code Ann. § 27-2-102(1)(a).[1]  As in <u>Cyr</u>, all elements of the claim were met when Safeco denied Greenwald's request for payment of the full policy limits in February 2006, because based on Safeco's investigation of the case, it was refusing to satisfy her demand for payment of the policy limits and advance medical payments.  When Safeco "failed to accept [Greenwald's] policy limits settlement offer," in February 2006, the claim accrued and the statute of limitations began to run.  <u>Burton</u>, CV 00-94-M-DWM at 23.

 Greenwald argues her claim relies not on the February and March 2006 letters, but on later actions by Safeco.  However, she is not at liberty to pick and choose those actions that fall inside the necessary time frame.  All of the actions she complains of, which occurred beginning in April 2006, confirmed Safeco's prior position in its February 2006 letter that it would not pay the policy limits and it would not advance medical payments.  To ignore the initial actions by Safeco and allow Greenwald to extend time period every time Safeco acted "would effectively eviscerate the statute of limitation in any case where an insurer remains

---

[1] The statute of limitations for professional negligence is three years.  Mont. Code Ann. §27-2-206.

steadfast in a denial of coverage." Cyr, 2006 WL 2788972 at *4.

Greenwald offers no cases to support the proposition that the statute of limitations began anew each time State Farm confirmed its prior position. The cases Greenwald relies on are inapposite because, while both cases address the on-going nature of an insurer's duty of good faith and duty to investigate, neither case addresses the triggering of the statute of limitations under the Act. See Federated Mut. Ins. Co. v. Anderson, 991 P.2d 915, 921-22 (Mont. 1999); Lorang v. Fortis Ins. Co., 192 P.3d 186, 204 (Mont. 2008). Whether or not these duties are on-going is irrelevant to when an action accrues. While an on-going duty may impact the amount of damages an insured suffers, it does not affect when the insured must bring the action. E.W. and D.W., 754 P.2d at 819-20.

Further, Greenwald is incorrect that the claim had not accrued in February 2006 because she had no damages. At that point, Safeco had denied her request for payment of the policy limits and for advance payment of medical expenses. The potential damages were the difference between Safeco's $40,000 new money offer and the payments Greenwald requested from Safeco. The alleged damages may have continued to increase based on Safeco's subsequent actions. However, by February 2006, Safeco had "delay[ed], fail[ed], and refus[ed] to pay any benefits, other than medical expenses, based upon the available information."

10

Compl., ¶ 17. Therefore, the claim accrued at that time, and Greenwald was required to file her claim by February 2008. Her claim under the Act is barred by the two year statute of limitations set forth in Mont. Code Ann. § 33-18-242(7)(a).

**B.    The "Release of Claims" bars Greenwald's breach of contract claim.**

The Complaint also states that Safeco's actions "violated its contract of insurance" with Greenwald. Compl. ¶ 17. Safeco argues the settlement and "Release of Claims" signed by the parties bars this claim, based on the defense of accord and satisfaction. Greenwald responds that her breach of contract claim is permitted by statute and was specifically reserved in the Release.

The "Release of Claims" states that Greenwald "acknowledges receipt of [$90,000] and in consideration for payment of such sum, fully and forever releases and discharges [Safeco] from any and all actions, claims, causes of action, demands, or expenses for damages or injuries . . . arising out of the described casualty, except as specifically reserved herein." Def.'s Ex. 10 at 1 (dkt # 19-10). It "reserves any claims [Greenwald] may have against [Safeco] for any and all claims arising out of the investigation, handling, adjusting, defense or settlement of the claim including, without limitation, any claims under Section 33-18-242, [Mont. Code Ann.], or otherwise." Id. (emphasis added).

"An accord is an agreement to accept in extinction of an obligation

11

something different from or less than that to which the person agreeing to accept is entitled." Mont. Code Ann. § 28-1-1401. "Acceptance by the creditor of the consideration of an accord extinguishes the obligation and is called satisfaction." Mont. Code Ann. § 28-1-1402. The Montana Supreme Court defines a "release" as "nothing more than an accord and satisfaction, or, one of several ways in which an obligation, contractually, may be discharged or 'settled' for less than or for something different than what is owed." Watters v. Guaranty Natl. Ins. Co., 3 P.3d 626, 634 (Mont. 2000).

The Release of Claims operated as an accord and satisfaction that bars a breach of contract claim by Greenwald. Despite Greenwald's assertion that Safeco was obligated to pay the $200,000 policy limits, she agreed to accept a lesser amount, $90,000 new money, and in return released all claims against Safeco, except the claims she specifically reserved under Mont. Code Ann. § 33-18-242. When Greenwald accepted payment of this amount, it constituted a satisfaction that extinguished Safeco's contractual obligations to her. As stated in Watters, the accord and satisfaction operated to discharge Safeco's contractual obligation to pay Greenwald for her claim.

Greenwald argues Mont. Code Ann. § 33-18-242(3) authorizes breach of contract claims based on the handling of insurance claims and the Release of

Claims between the parties specifically reserved claims under section 33-18-242.

Thus, according to Greenwald, the Release does not bar her breach of contract

claim.  The statute provides in pertinent part:

> (1) An insured or a third-party claimant has an independent cause of
> action against an insurer for actual damages caused by the insurer's
> violation of subsection (1), (4), (5), (6), (9), or (13) of 33-18-201.
>
> (3)  An insured who has suffered damages as a result of the handling
> of an insurance claim may bring an action against the insurer for
> breach of the insurance contract, for fraud, or pursuant to this section,
> but not under any other theory or cause of action.

Mont. Code Ann. § 33-18-242(1), (3).  Greenwald misunderstands the impact of §

33-18-242.  Subsection three does not create a cause of action for breach of

contract, but is merely listing causes of action, including breach of contract, that

are potentially available to a party aggrieved by the handling of an insurance

claim.  The statute only creates "an independent cause of action against an insurer

for actual damages caused by the insurer's violation of subsection (1), (4), (5), (6),

(9), or (13) of 33-18-201."  Mont. Code Ann. § 33-18-242(1).  Thus, the Release

of Claims permitted Greenwald to maintain an action based on a violation of

Mont. Code Ann. § 33-18-201, to the extent such a cause of action is established

by Mont. Code Ann. § 33-18-242(1).  The Release of Claims discharged any other

claims against Safeco, including the breach of contract claim.  Safeco is entitled to

13

summary judgment on this count.

**C.      Greenwald cannot prevail on her claim for punitive damages.**

"A finding of actual damages, rather than a determined amount, is required for an award of punitive damages." <u>Maurer v. Clausen Distributing Co.</u>, 912 P.2d 195, 202 (Mont. 1996).  Because Safeco is entitled to summary judgment on Greenwald's other claims, she has no claim for actual damages and therefore cannot recover punitive damages.

## V. Conclusion

IT IS HEREBY ORDERED that Safeco's motion for summary judgment (dkt #17) is GRANTED.  Safeco is entitled to judgment as a matter of law on all of Greenwald's claims.

The Clerk of Court is directed to enter judgment in favor of Safeco and against Greenwald and close the case.

DATED this 26th day of July, 2010.

Donald W. Molloy, District Judge
United States District Court